UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUZ RIVERA,

          NO. CIV. S-09-1639 LKK/JFM

    Plaintiff,

  v.

          O R D E R

GMAC MORTGAGE, JP MORGAN
CHASE, PAUL FINANCIAL, LLC,
ETS SERVICES, LLC, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., REPUBLIC 2,
JOE NGUYEN, MINH DUONG and
DOES 1-20, inclusive,

    Defendants.
_____/

    Pending in this case are two motions to dismiss plaintiff's first amended complaint and this court's order to show cause as to why plaintiff's counsel should not be sanctioned.

    A status conference in this case was set for September 8, 2009. Plaintiff failed to submit the required status report, and failed to appear at the status conference. On September 10, the court ordered plaintiff to show cause why this case should not be dismissed as a sanction for these failures. Doc. No. 28.

    Separate from this status conference, on August 24, 2009, defendants GMAC Mortgage, ETS Services, LLC, and Mortgage

1

Electronic Registration Systems, Inc filed a motion to dismiss, which they noticed for hearing on September 28, 2009.  Doc. 20. Defendant Paul Financial filed a separate motion to dismiss on August 26, also noticed for hearing on September 28.[1]  Doc. 22. Pursuant to Local Rule 78-230(c), plaintiff's opposition or statement of non-opposition to these motions was to be served no later than September 14, 2009.  However, plaintiff did not file a response to either motion until September 18, 2009, at which time plaintiff filed untimely oppositions to both motions.

Both the failure to file a status report and the failure to timely respond to the noticed motions are sanctionable conduct. Defendants GMAC Mortgage, ETS Services, and MERS encourage the court to dismiss the action.  However, before dismissing the action as a sanction for violation of the local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Here, the balance of these factors does not support dismissal.  Plaintiff's counsel has explained that he was recently substituted into this case, and the court declines to order a sanction.  However, plaintiff is reminded that the delays are

---

[1] A third motion to dismiss was filed by defendant JP Morgan Chase.  Doc. 23.  This third motion has been rendered moot by plaintiff's voluntary dismissal of JP Morgan Chase.  Doc. 30.

2

1 sanctionable, and that further failures to obey the local rules
2 will result in sanctions.
3     The court instead CONTINUES the hearing on the pending motions
4 to dismiss until October 26, 2009 at 10:00 a.m.  Defendants' reply
5 memoranda, if any, SHALL be filed no later than October 13, 2009.
6     Plaintiff's response to the order to show cause further
7 indicates that plaintiff seeks to file a second amended complaint.
8 If the parties so stipulate, the court will grant leave to file
9 this complaint and deny the pending motions to dismiss as moot.
10     IT IS SO ORDERED.
11     DATED:  September 24, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3